# Hagstrom *v.* Excelsior Drum Works, Appellant. ·

*Affidavit of defense—Contract—Sale.*

In an action to recover the price of certain brush fronts for vacuum cleaners of a special design and pattern, which were to be manufactured under an oral contract according to a model and blue prints, where plaintiffs aver that the brushes were practically completed when the defendant ordered them to suspend work, an affidavit of defense is sufficient which denies that any order to stop work had been given and avers that a sample brush had been requested and been promised, but that later plaintiffs advised the defendant that they were too busy on other work, and would not bother with the brushes.

Argued Oct. 15, 1915.    Appeal, No. 63, Oct. T., 1915, by defendant, from order of C. P. No. 5, Sept. T., 1914, No. 123, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Gomer Hagstrom and Henry Hagstrom, trading as Hagstrom Brothers, v. Excelsior Drum Works.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Reversed.

Assumpsit for goods sold.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Frank George Butler,* for appellant.

*J. Siegmund Levin,* for appellees.

OPINION BY KEPHART, J., July 18, 1916:

We are of the opinion that the affidavit in this case sets forth sufficient averments to prevent a summary judgment.    The oral contract provided for the manufacture

of certain brush fronts for vacuum cleaners, according to a model and blue prints, and subject to certain understood changes, delivery to be made within sixty days. The plaintiffs claim that the brush fronts were substantially completed in July, 1913, at which time they were ordered by the defendant to suspend work until they would receive further instructions, which instructions were never furnished, and as the brushes were of special design and pattern, claim is made for the full value of the articles. The defendant denies any order to stop work and requested that a sample brush be submitted so that it might know whether the brushes were being properly made. This sample was promised, but later, it is alleged, the plaintiffs advised the defendant that they were too busy on other work and they would not bother with the brushes. The truth of these averments, and whether the plaintiffs intended to abandon the contract and release the defendant, was for the jury. There is, moreover, a specific denial of liability for the special tool. The court was in error in making the rule absolute.

The judgment is reversed and a procedendo awarded.